Jeffrey S. Gerardo #146508
Steven M. Dailey #163857
Antoinette P. Hewitt #181099
Kutak Rock LLP
18201 Von Karman Avenue, Suite 1100
Irvine, CA  92612-1077
Telephone:   (949) 417-0999
Facsimile:   (949) 417-5394
Email:      Jeffrey.Gerardo@KutakRock.com
Email:      Steven.Dailey@KutakRock.com
Email:      Antoinette.Hewitt@KutakRock.com

Attorneys for Defendant
WELLS FARGO HOME MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAE J. YOO and MICHAEL Y. YOO, individuals<br><br>                    Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, N.A., a California Corporation; and DOES 1 through 10, inclusive.<br><br>                    Defendant. | Case No.  2:09-cv-01728-DDP-(Ex)<br><br>Assigned for all purposes to:<br>Honorable Dean D. Pregerson,<br>Ctrm.: 3 - 2nd Floor<br><br>Referred to:<br>Honorable Charles F. Eick,<br>Ctrm.: 20, 3rd Floor<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.C.P. Rule 12(c)]**<br><br>Date:        October 19, 2009<br>Time:        10:00 a.m.<br>Ctrm.:        3 - 2nd Floor<br><br>Complaint Filed: March 12, 2009 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on October 19, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court, Defendant WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS

FARGO BANK, N.A. ("Wells Fargo") will move the Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on the grounds that the entire Complaint and each purported causes of action contained therein fails to state a claim upon which relief can be granted against WELLS FARGO.  Additionally, WELLS FARGO moves for dismissal of each individual cause of action on the following bases:

1.      WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' First Count, styled "Violation of 15 USCA 1611 ET SEQ'," on the grounds that Plaintiffs fail to state a claim because A) Plaintiffs' claim for rescission under the Truth-in-Lending Act, 15 United States Code section 1601, *et seq.* is time-barred, B) Rescission is improper absent evidence the Plaintiffs can tender the amounts received under the loans; and C) Plaintiffs' purchase money mortgage is not eligible for rescission under TILA.

2.      WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Second Count, styled "Violation of 26 USCA 2605 ET SEQ." on the grounds that Plaintiffs fail to state a claim because A) Plaintiffs' claim for damages is time-barred; B) Plaintiffs do not allege sufficient facts; and C) Plaintiffs fail to allege pecuniary loss as a result of the purported RESPA violations.

3.      WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Third Count, styled "Violation of 15 USCA 1602 et seq." on the grounds that Plaintiffs fail to state a claim because A) Plaintiffs do not allege sufficient facts and B) Plaintiffs' claim for damages is time-barred.

4.      WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Fourth Count, styled "Violation of 26 USCA § 1692 and California Civil Code § 1788." on the grounds that Plaintiffs fail to state a claim.

5.      WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Fifth Count, styled "Breach of Fiduciary Duty" on the grounds that Plaintiffs fail to state a claim.

6.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Sixth Count, styled "Breach of the Covenant of Good Faith and Fair Dealing" on the grounds that Plaintiffs fail to state a claim.

7.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Seventh Count, styled "Declaratory Relief" on the grounds that Plaintiffs fail to state a claim.

8.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Eighth Count, also styled "Declaratory Relief" on the grounds that Plaintiffs fail to state a claim.

9.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Ninth Count, styled "Violation of 42 USC § 1983" on the grounds that Plaintiffs fail to state a claim.

10.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Tenth Count, styled "Violation of 42 USC § 2000D" on the grounds that Plaintiffs fail to state a claim.

11.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Eleventh Count, styled "Quiet Title" on the grounds that: A) Plaintiffs fail to state a claim and B) the Complaint is not verified.

12.　　WELLS FARGO moves for judgment on the pleadings as to Plaintiffs' Twelfth Count, also styled "Declaratory Relief" on the grounds that Plaintiffs fail to state a claim[1].

Counsel for Wells Fargo has met and conferred with Plaintiffs' counsel on various dates regarding the grounds for this Motion.　Therefore, Wells Fargo has met the requirements of Local Rule 7-3.

---

[1] Although the caption to the Complaint indicates a cause of action for "Unfair Business Practices", no such cause of action is set forth therein, while three different "Declaratory Relief" counts are.　This may be due to the boilerplate nature of the Complaint as Plaintiffs' counsel has filed numerous other complaints against various other lenders containing nearly identical claims and allegations: 09-cv-00336, 09-cv-01705, 09-cv-00691, 09-cv-00697, 09-cv-00682, 09-cv-00524, 09-cv-02806, 09-cv-00231, 09-cv-00335, 09-cv-01707, 09-cv-01709, 09-cv-05217, 09-cv-1828, 09-cv-1829

1    This Motion is based on this Notice of Motion, the attached Memorandum of

2  Points and Authorities, upon the documents, pleadings and records on file herein,

3  and upon such oral and documentary evidence as may be presented by the parties at

4  the hearing.

5

6  Dated: September 8, 2009                    KUTAK ROCK LLP

7

8                                             By: /s/ Antoinette P. Hewitt

9                                                 Jeffrey S. Gerardo
                                                 Steven M. Dailey
                                                 Antoinette P. Hewitt
10                                               Attorneys for Defendant,
                                                 WELLS FARGO HOME
11                                               MORTGAGE, A DIVISION OF
                                                 WELLS FARGO BANK, N.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.   INTRODUCTION/STATEMENT OF FACTS ............................................ 1

II.  SUMMARY OF ALLEGATIONS ...................................................... 1

III.   WELLS FARGO'S MOTION FOR JUDGMENT ON THE
       PLEADINGS SHOULD BE GRANTED BECAUSE PLAINTIFFS
       FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE
       GRANTED............................................................................ 1

IV.  PLAINTIFFS' FIRST COUNT FOR "VIOLATION OF
     15 USCA 1611 ET SEQ." MUST FAIL.......................................... 2
     A.   Plaintiffs' Claim for Rescission under TILA is Time-Barred. ............ 2
     B.   Rescission is Not Proper Absent This Court's Determination
          That Plaintiffs Can Comply With Their Rescission Obligation. ......... 4
     C.   Rescission under TILA is Not Available for Plaintiffs'
          Loan.......................................................................... 6

V.   PLAINTIFFS' SECOND COUNT FOR "VIOLATION OF
     26 USCA 2605 ET SEQ." MUST FAIL.......................................... 7
     A.   Plaintiffs' Claim is Time-Barred.......................................... 7
     B.   Plaintiffs Fail to State a Claim. .......................................... 8
          1.   Transfer of Servicing Claim........................................ 8
          2.   Yield Spread Premium Claim ...................................... 8
          3.   Plaintiffs Fail to Allege Standing.................................. 9
     C.   Plaintiffs Fail to Allege Pecuniary Loss As a Result of
          The Purported RESPA Violations........................................ 10

VI.  PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION
     OF 15 USCA 1602 et seq.".................................................... 10
     A.   Plaintiffs Do Not Allege Sufficient Facts ................................ 11
     B.   The Claim is Barred By the Applicable Statute of Limitations ......... 12

VII.   PLAINTIFFS FAIL TO STATE CLAIMS FOR "VIOLATION OF 15 USCA § 1692 and CALIFORNIA CIVIL CODE § 1788". ............... 12

VIII.  PLAINTIFFS FAIL TO STATE A CLAIM FOR "BREACH OF FIDUCIARY DUTY". ................................................................ 13

IX.    PLAINTIFFS CANNOT STATE A CLAIM FOR "BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING" ............... 14

       A.   Plaintiffs Fail To Allege Any Breach of the Covenant. ..................... 14

       B.   The Covenant Cannot Be Breached By the Enforcement of the Terms of the Note and Trust Deed. ........................................... 15

       C.   Plaintiffs Cannot Allege That He Performed All Conditions of the Agreement. ................................................................ 16

       D.   Plaintiffs Cannot Rely on any Statutory Claim to Support this Cause of Action. ................................................................ 16

       E.   Plaintiffs Cannot Rely on Any Claim that the Lender Declined to "Refinance" the Loan Agreement to Support this Cause of Action. ................................................................ 16

X.     PLAINTIFFS FAIL TO STATE A CLAIM FOR THREE CAUSES OF ACTION FOR DECLARATORY RELIEF. .......................... 17

XI.    PLAINTIFFS CANNOT STATE CLAIMS FOR "VIOLATION OF 42 USC § 1983" AND "VIOLATION OF 42 USC § 2000D" ............... 18

       A.   The 42 U.S.C. Section 1983 Claim Fails. ......................................... 18

       B.   The 42 U.S.C. Section 2000D Claim Fails. ..................................... 18

XII.   PLAINTIFFS' CLAIM FOR "QUIET TITLE" FAILS. .............................. 19

       A.   Plaintiffs Cannot State a Claim. ....................................................... 19

       B.   Plaintiffs' Complaint is Not Verified. .............................................. 20

XIII.  CONCLUSION .......................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

*Aetna Life Insurance Company v. Haworth*,

    300 U.S. 227, 240-241 (1937) ..................................................................17

*Akhavein v. Argent Mortgage Company*,

    2009 WL 2157522 (N.D.Cal.) ....................................................2, 15, 17, 18

*Alutras v. Gloster*,

    16 Cal.2d 46, 48 (1940) ...........................................................................17

*American Mortgage Network Inc. v. Shelton*,

    486 F. 3d 815, 821 (4th Cir. 2007) ...........................................................4

*Arnolds Management Corporation v. Eischen*,

    158 Cal.App.3d 575, 578-579 (1984)......................................................19

*Associated Gen. Constrs. Of Am. v. Metropolitan Water Dist.*,

    159 F.3d 1178, 1181 (9th Cir. 1998) ......................................................18

*Baldwin v. Marina City Props Inc.*

    79 Cal.App.3d 393, 407 (1978) ...............................................................17

*Bastrom v. Bankers Trust Co.*

    114 F.3d 742 (8th Cir. 1997 .......................................................................6

*Beach v. Ocwen Fed. Bank*,

    523 U.S. 410, 419 (1998). ..........................................................................3

*Careau & Co. v. Security Pacific Business Credit, Inc.*

    222 Cal.App.3d 1371, 1399 (1990) ...................................................13, 16

*Clegg v. Cult Awareness Network*,

    18 F.3d 752, 754-55 (9th Cir. 1994)................................................15, 18

*Conroy v. Civil Service Commission*,

    75 Cal.App.2d 450, 456 (1946) ...............................................................17

*Cunningham v. Nations Credit Financial Services Corp.*

    497 F.3d 714, 717 (7th Cir. 2007) ...........................................................11

*Edelman v. Bank of America Corp.*

2009 WL 1285858, *3 ....................................................................................5

*Farner v. Countrywide*

2009 WL 1890925 (January 26, 2009 S.D.Cal.) ...................................... 16-17

*Fuentes v. Duetsche Bank,* [sic]

2009 WL 1971610 (S.D. Cal. July 8, 2009) ...................................................13

*Garza v. American Home Mortgage*,

2009 WL 188604 (January 27, 2009)...........................................................5, 6

*Geraci v. Homestreet Bank*,

347 F.3d 748 (9th Cir. 2003) ........................................................................9

*Golden v. Sickler*,

394 U.S. 103, 109 (1969) ..............................................................................17

*Guerrero v. Citi Residential Lending, Inc.*,

2009 WL 9269973, *8 (E.D.Cal. 2009) ...........................................................5

*Guz v. Bechtel National, Inc.*,

24 Cal.4[th] 317, 349-350 (2000)....................................................................14

*Hersch v. Citizens Savings & Loan Assn.*

146 Cal.App.3d 1002, 1011 (1983) ...............................................................16

*Hueer v. Forest Hill State Bank*

728 F.Supp. 1199, 1200-01 (D.Md. 1989) ......................................................6

*Hutchison v. Delaware Sav. Bank FSB*,

410 F. Supp.2d 374, 383 (D.N.J. 2006).........................................................10

*In re Community Bank Of Northern Virginia*,

418 F. 3d 277 304 (3rd Cir. 2005) ...........................................................11, 12

*Large v. Conseco Financing Servicing Corp.*,

292 F.3d 49, 54-55 (1st Cir. 2002) .................................................................4

*Lynch v. RKS Mortg. Inc.*,

588 F. Supp.2d 1254, 1260 (E.D. Cal. 2008) ................................................11

*Mangindin v. Washington Mut. Bank,*

    2009 WL 1766601 *6 (N.D.Cal.2009) ...................................................... 17-18

*McClain v. Octagon Plaza, LLC,*

    159 Cal.App.4th 784, 897 (2008) .................................................................. 16

*Mix v. Sodd,*

    126 Cal.App.3d 386, 309 (1991) .................................................................. 19

*Morrison v. Brookston Mortg. Co. Inc.*

    415 F. Supp.2d 801, 807 (S.D. Ohio 2005) .................................................. 11

*Nera v. American Home Mortgage Servicing, Inc.,*

    2009 WL 2423109, *3 (N.D.Cal. August 5, 2009) .......................................... 5

*Norwest Bank v. Lopez*

    76 P.3d 624 (Haw. Ct. App. 2003) ................................................................ 6

*Nymark v. Heart Federal Savings and Loan Assn.,*

    231 Cal. App.3d 1089, 1096 (1991) ........................................................ 13, 14

*Price v. Wells Fargo Bank,*

    213 Cal.App.3d 465, 476 (1989) .................................................................. 14

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*

    11 Cal.App.4th 1026, at 1034 (1992). ........................................................... 15

*Shaw v. Lehman Bros Bank, FSB*

    (March 20, 2009) 2009 WL 790166, *4 ........................................................... 6

*Smith v. City and County of San Francisco*

    225 Cal.App.3d 38, 49 (1990) ...................................................................... 16

*Snow v. First American Title Ins. Co.,*

    332 F.3d 356, 359 (5th Cir. 2003) .................................................................. 7

*Storek v. Storek, Inc. v. Citicorp Real Estate, Inc.*

    100 Cal.App.4th 44 (2002) ...................................................................... 15, 16

*Tatum v. City and County of San Francisco,*

    441 F.3d 1090, 1094 (9th Cir. 2006) ............................................................. 18

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

v

*Third Story Music, Inc. v. Waits*

    41 Cal.App.4th 798, 808 (1995) ........................................................ 15

*Tucker v. Beneficial Mortg. Co.*,

    437 F. Supp.3d 584, 589 (E.D. Va. 2006) ........................................ 3

*U.S. Cold Storage California v. Great Western Sav. & Loan Assoc.*,

    165 Cal.App.3d 1214, 1222 (1985) ................................................ 19

*Yamamoto v. Bank of New York*,

    329 F.3d 1167, 1172 (9th Cir. 2003) .......................................... 4, 5

*Vicko Ins. Services, Inc. v. Ohio Indemnity Co.*,

    70 Cal.App.4th 55, 62-63 (1999) .................................................. 10

*Watts v. Decision One Mortgage Co.*

    2009 WL 648669, *4 (March 9, 2009) ............................................ 7

*Wilson v. Transit Authority*,

    199 Cal.App.2d at 723-724 (1962) ................................................ 17


**<u>CODE</u>**

12 U.S.C. § 226.23(d) ...................................................................... 5

12 U.S.C. § 2601(a) .......................................................................... 8

12 U.S.C. § 2605 ............................................................................ 10

12 U.S.C. § 2605(f)(1) ...................................................................... 8

12 U.S.C. § 2605(f)(1)(A) ................................................................ 10

12 U.S.C. § 2607(c)(2) ...................................................................... 8

12 U.S.C. § 2614 .............................................................................. 7


15 U.S.C. § 1601 .............................................................................. 2

15 U.S.C. § 1602 ............................................................................ 10

15 U.S.C. § 1602(aa)(1) .................................................................. 11

15 U.S.C. § 1602(w) .......................................................................... 6

WELLS FARGO'S MOTION FOR JUDGMENT ON THE PLEADINGS

15 U.S.C. § 1635(b)....................................................................................5

15 U.S.C. § 1635(e)(1) .............................................................................6

15 U.S.C. § 1635(f)....................................................................................3

15 U.S.C. § 1639.......................................................................................11

15 U.S.C. § 1640(e) ...............................................................................3, 12

15 U.S.C. § 1692..................................................................................12, 13

26 U.S.C.A. §  2605...............................................................................7, 8

26 U.S.C.A. §  2605(b)..........................................................................7, 8

26 U.S.C.A. §  2607...................................................................7, 8, 9, 10

26 U.S.C.A. §  2607(a) ...............................................................................8

26 U.S.C.A. §   2607(d) ........................................................................7, 8

26 U.S.C.A. §  2607(c) ...............................................................................8

26 U.S.C.A. §  2608...............................................................................7, 8

42 U.S.C. § 1983................................................................................18, 19

42 U.S.C. § 2000D..............................................................................18, 19

64 Fed. Red. 10084.....................................................................................9

CACI Jury Instruction No. 325 (2008 ed.) .............................................15

California Civil Code § 1788"..............................................................12, 13

California Civil Code § 761.020...............................................................20

California Civil Code § 761.0102(d) ........................................................19

Federal Rules of Civil Procedure, Rule 12(b)(6).......................................2

Federal Rules of Civil Procedure, Rule 12(c) .......................................1, 2

Federal Rules of Civil Procedure, Rule 12(g)(2).......................................................2

Federal Rules of Civil Procedure, Rule 57 ............................................................17


Rutter Group, Fed. Civ. Pro. Before Trial, 9:335.......................................................2

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

WELLS FARGO'S MOTION FOR JUDGMENT ON THE PLEADINGS

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

Plaintiffs brought this action against WELLS FARGO BANK, N.A. ("Wells

4

Fargo") alleging various claims in connection with the origination of a purchase

5

loan made by Wells Fargo nearly four years before the instant Complaint was filed.

6

Consequently, almost all of the causes action are barred by the applicable statute of

7

limitations and none of the causes of action are sufficiently plead, thus, Wells Fargo

8

brings this Motion for Judgment on the Pleadings ("Motion").

9

**II.    SUMMARY OF ALLEGATIONS**

10

Plaintiffs allege that, on April 7, 2005, they obtained a purchase money

11

mortgage to purchase the residence at 28909 Mirada Circulo, Santa Clarita, CA (the

12

"Property"), which loan was received from Wells Fargo ("Subject Loan").

13

Complaint ¶ ¶ 7-8.  They also allege that Wells Fargo was the mortgage broker.

14

Complaint ¶ 9.  The Subject Loan is alleged to be an Adjustable Rate Interest Only

15

Note based upon the LIBOR one-year adjustable rate.  Complaint ¶ 10.

16

Plaintiffs claim Defendants failed to explain "the workings of the entire rates

17

for each loan" as well as the calculation and purported volatility of the loans.

18

Complaint ¶ 11.    They also claim Defendants charged "improper fees for the

19

placement of their loan as 'sub-prime'" when they should have qualified for a better

20

rate.  Complaint ¶ 12.  Finally, they claim that Wells Fargo and other lenders failed

21

to refinance their loan because of their national origin.  Complaint ¶ 17.  Plaintiffs

22

allege that one of the Plaintiffs is a certified public accountant who experienced

23

cash flow problems implying that they are in default.  Complaint ¶ 16.

24

**III.    WELLS FARGO'S MOTION FOR JUDGMENT ON THE**

25

**PLEADINGS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL**

26

**TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

27

Federal Rules of Civil Procedure, Rule 12(c) reads in relevant part:

28

After the pleadings are closed-but early enough not to delay trial-

1
2
3
4

a party may move for judgment on the pleadings.
Federal Rules of Civil Procedure, Rule 12(g)(2) reads in relevant part:
Failure to state a claim upon which relief can be granted . . . may be raised: . . .
(B) by a motion under Rule 12(c)…

5
6
7
8
9
10
11
12
13
14
15

"The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attach are true, the moving party is entitled to judgment as a matter of law."  Rutter Group, Fed. Civ. Pro. Before Trial, 9:335 (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990); R.J. *Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO* (7th Cir. 2003).  The same standard applies to both a Rule 12(c) motion and a Rule 12(b)(6) motion.  Id. at 9:319.  "A court may deny leave to amend in cases of… 'futility of amendment' [citation omitted]."  *Akhavein v. Argent Mortgage Company*, 2009 WL 2157522 (N.D.Cal.).

16
17

## IV.   PLAINTIFFS' FIRST COUNT FOR "VIOLATION OF 15 USCA 1611 ET SEQ." MUST FAIL.

18

### A.   Plaintiffs' Claim for Rescission under TILA is Time-Barred.

19
20
21
22
23
24

The Truth-in-Lending Act ["TILA"] addresses disclosures made at loan *origination*.  [15 U.S.C. sect 1601] ("It is the purpose of the subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.")  Any suit seeking rescission under TILA must be filed within three years of the origination of the loan:

25
26
27
28

"An obligor's right of rescission shall expire three years after the date of consummation of the transaction ***or upon the sale of the property***, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the

obligor. . ."
15 U.S.C. sect. 1635(f).

The United States Supreme Court held that the time limit for any statutory right of rescission under TILA is ***strictly construed*** and may not be revived even as a defense to foreclosure beyond the three year expiration period.  "We respect Congress' manifest intent by concluding that the Act permits no federal right to rescind, ***defensively or otherwise,*** after the 3 year period of sect. 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998).

Even assuming that Plaintiffs could state a claim for TILA violations, Wells Fargo cannot be liable for damages because the statute of limitations has expired.  Civil penalties under TILA are subject to a one-year statute of limitations.   15 U.S.C. § 1640(e).  Section 1640 (e) states in pertinent part:

"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

The court in *Tucker v. Beneficial Mortg. Co.*, 437 F. Supp.3d 584, 589 (E.D. Va. 2006) granted defendant's summary judgment motion on the plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because the plaintiffs filed their claim after the expiration of TILA's one year statute of limitations.  The court held that the statute of limitations begins to run from the date of the complained of violation.  If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

Here, Plaintiffs purchased the Property on April 7, 2005, with the Subject Loan.  Complaint ¶ ¶ 7-8.  Plaintiffs filed this action on March 12, 2009, nearly four years after the loan closed.  Thus, any claim for damages is time-barred.

**B.    Rescission is Not Proper Absent This Court's Determination That Plaintiffs Can Comply With Their Rescission Obligation.**

Plaintiffs allege that they are entitled to rescission of the Subject Loan. Complaint ¶ 21.  Even assuming Plaintiffs would still be entitled to rescission under TILA, TILA does not establish that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract." *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1172 (9th Cir. 2003) (citing *Large v. Conseco Financing Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002))

In the Ninth Circuit, a claim for rescission can be dismissed for an inability to return the received monies even before the Court determines the merits of whether a right to rescind exists, where it is clear that a borrower is unable to enforce the rescission by returning the loan proceeds. *Id.  See also American Mortgage Network Inc. v. Shelton,* 486 F. 3d 815, 821 (4th Cir. 2007) (denial of rescission affirmed as proper in a case where borrowers showed no ability to tender the loan proceeds, and borrowers had made no payments of principal or accrued interest on the loan for some time).

In *Yamamoto*, the plaintiffs notified their lender that they were exercising their right to cancel the loan because they had not been provided with the notice of right to cancel forms under TILA.   The plaintiffs further claim that, upon the lender's receipt of the letter, the mortgage was automatically void and the lender was required to release its security interest in their home within 20 days.  The Ninth Circuit disagreed with the plaintiffs' position in upholding the district court's decision that a loan transaction is not voided automatically when a lender contests the right to rescind. Id. at 1172.  In a contested case, the borrower rescinds and the transaction becomes void only when the right to rescind is determined in the borrower's favor.

Rescission can occur in two ways: 1) the lender acknowledges the rescission, or 2) the right to rescission has been adjudicated.  In this case, Plaintiffs have not

alleged that they provided notice of the right to rescind.  As such, without an allegation of even the minimum requirement of providing notice of the exercise of the right to rescind, the claim is premature because, as held in *Yamamoto*, the loan transaction is not void until there has been a determination that rescission is warranted.  Furthermore, the transaction cannot be voided until Plaintiffs prove they have the capacity to repay what they have received in the original mortgage transaction.  *See, Yamamoto*, 329 F.3d at 1172.

In *Garza v. American Home Mortgage*, 2009 WL 188604 (January 27, 2009), the Court held that the failure to allege an ability to tender was fatal to the plaintiff's TILA claims:

> "Ms. Garza's problem is that the complaint fails to address head on her ability to tender loan proceeds.  The complaint fails to hint that Ms. Garza is able to fulfill her obligations under 15 U.S.C. sect. 1635(b) and 12 C.F.R. sect. 226.23(d).  Rescission is an empty remedy without Ms. Garza's ability to pay back what she has received (less interest, finance charges, etc.)  The complaint lacks a necessary element of Ms. Garza's TILA claim."

*Garza*, at \*5.

Other recent California Federal District Court opinions are in accord.  *Nera v. American Home Mortgage Servicing, Inc.*, 2009 WL 2423109, \*3 (N.D.Cal. August 5, 2009) ("Plaintiffs do not state, however, that they have tendered, or are able to tender the amount due in order to effectuate rescission."); *Edelman v. Bank of America Corp.* 2009 WL 1285858, \*3 (The plaintiff "argues that she has offered to pay the loan back in monthly installments on more favorable terms or by modifying her loans. This is insufficient tender for purposes of rescission.").  As the Court noted in *Guerrero v. Citi Residential Lending, Inc.*, 2009 WL 9269973, \*8 (E.D.Cal. 2009),

> Defendants raise a valid point that if plaintiffs were unable to make their mortgage payments, "what possible facts do they have to meet the requirement that they tender the net amounts advanced?"  The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms plaintiffs' TILA

1  rescission claim to warrant its dismissal.

2      In this case, as in *Garza* and the other cases above, Plaintiffs' Complaint is

3  silent regarding how Plaintiffs intend to repay the proceeds received under the

4  Subject Loan.  As the statutory obligation to rescind will be triggered only when

5  this Court renders a decision that Plaintiffs are entitled to rescission and Plaintiffs

6  shows they can repay the Subject Loan, this cause of action fails on its face.

7      **C.    Rescission under TILA is Not Available for Plaintiffs' Loan.**

8      Pursuant to 15 U.S.C. sect. 1635(e)(1), rescission under TILA does not apply

9  to a "residential mortgage transaction." A "residential mortgage transaction" is a "a

10  transaction in which a mortgage, deed of trust, . . . to finance the acquisition or

11  initial construction of such dwelling."  15 U.S.C. sect. 1602(w).  Rescission under

12  TILA is not available for loans used to purchase a property.  *Norwest Bank v. Lopez*

13  76 P.3d 624 (Haw. Ct. App. 2003); *Bastrom v. Bankers Trust Co.* 114 F.3d 742 (8th

14  Cir. 1997).  As the Court in *Hueer v. Forest Hill State Bank* 728 F.Supp. 1199,

15  1200-01 (D.Md. 1989) explained,

16      "[T]he Congressional purpose in creating the statutory rescission
        right in the first place [was] to protect home owners from certain
17      sharp practice of home improvement contractors (and those
        financing such contractors), by creating a rescission right for
18      home improvement loans that were secured by residential
        mortgages on existing dwellings. . . Given this Congressional
19      purpose, it is clear that the Congress did not intend the rescission
        obligation (or disclosure of it) to extend to a loan whose
20      predominant purpose is to enable the borrower to acquire or erect,
21      on her property, a new residential structure."

22  Recent Ninth Circuit district court cases are in accord.  In *Shaw v. Lehman Bros*

23  *Bank, FSB* (March 20, 2009) 2009 WL 790166, *4, the Court held,

24      "Plaintiff and Defendants' loan transaction was a standard
        mortgage transaction wherein Defendants lent Plaintiff the money
25      to buy a home and Plaintiff granted Defendants a security interest
        in that home.  The nature of this transaction is consistent with the
26      definition of a residential mortgage transaction in section
27      1602(w), which is precluded from the rescission section of TILA.

28

> Therefore, no right to rescind arose for this mortgage transaction and Plaintiff cannot have legally rescinded her loan pursuant to TILA.  Thus, Plaintiff has no claim under her TILA rescission request."

In *Watts v. Decision One Mortgage Co.* (March 9, 2009) 2009 WL 648669, *4, the Court held , "[t]hus, while home equity loans and refinancing transactions would be amenable to rescission, Plaintiff's purchase money mortgage is not.  Plaintiff's TILA rescission claim is therefore dismissed with prejudice as to all defendants."

Plaintiffs state that they "financed the purchase of the property with a loan through Wells Fargo by means of an Adjustable Rate Interest Only Note…" Complaint ¶ 8.  The proceeds from the Subject Loan were clearly used to purchase the Property and rescission under TILA is therefore unavailable for this loan.

## V.    PLAINTIFFS' SECOND COUNT FOR "VIOLATION OF 26 USCA 2605 ET SEQ." MUST FAIL.

To support their RESPA claim, Plaintiffs allege that Wells Fargo obtained yield spread fees and amounts in excess of what would have been lawfully earned. Complaint ¶ 27.  They also allege that Wells Fargo, as an alleged servicer fails to provide notice of transferred servicing duties pursuant to 26 U.S.C.A. § 2605(b). Complaint ¶ 28.

### A.    Plaintiffs' Claim is Time-Barred.

Plaintiffs' claim appears to have been brought under Section 2607(d) of RESPA based upon the claim of unlawful yield spread fees.   Complaint ¶ 27. Plaintiffs' claim regarding lack of notice of transferred servicing duties is brought under 26 U.S.C.A. § 2605(b).   Complaint ¶ 28.   These claims are time-barred because the applicable statute of limitations has expired.   12 U.S.C. § 2614 provides that:  "Any action pursuant to the provisions of section 2605, 2607, or 2608 . . . may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608  . . . *Snow v. First American Title Ins. Co.,* 332 F.3d 356, 359 (5th Cir. 2003).  As shown above,

Plaintiffs' loan closed on April 7, 2005, the day they purchased the Property. Plaintiffs filed this Complaint on March 12, 2009. Therefore, these claims are barred as to violations of 12 U.S.C. § § 2605, 2607 and 2608, since they are brought well over three years after the Subject Loan.

### B.    Plaintiffs Fail to State a Claim.

#### 1.    <u>Transfer of Servicing Claim</u>.

12 U.S.C. § 2605(b) provides that "[e]ach servicer of any federally related mortgage shall notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to any other person." Plaintiffs do not allege that they suffered damages from the purported transfer. 12 U.S.C. § 2605(f)(1) provides that a plaintiff must allege actual damages or allege a pattern or practice of failing to give notice. Plaintiffs have not done so. As such, Plaintiffs have failed to state a claim under 12 U.S.C. § 2605(b).

#### 2.    <u>Yield Spread Premium Claim</u>

Congress enacted the Real Estate Settlement Procedures Act in 1974 to shield home buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Section 2607(a) of RESPA proscribes giving or accepting "any fee, kickback or thing of value pursuant to any agreement or understanding . . . that business incident to or a part of a real estate settlement service . . . shall be referred to any person." 12 U.S.C. § 2607(a) of RESPA similarly prohibits the payment of any percentage or division of a charge except for services actually rendered. 12 U.S.C. § 2607(b). Section 2607(c) provides a safe harbor, however, stating in relevant part that "nothing in this section shall be construed as prohibiting  . . (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed[.]" 12 U.S.C. § 2607(c)(2).

The difficulty in applying Section 2607 to yield spread premiums is determining when such a payment is "for goods or facilities actually furnished or

1  for services actually performed." In an official policy statement, the United States
2  Department of Housing ("HUD") specifically indicated that it does not consider
3  yield spread premiums to be *per se* legal or illegal. 64 Fed. Red. 10084.

4      HUD developed a two-prong test to determine liability under Section 2607.
5  *Geraci v. Homestreet Bank*, 347 F.3d 748 (9th Cir. 2003). The first part of the test
6  requires a determination of whether the yield spread premium was exchanged for
7  goods, facilities, or services actually provided. *Id.* at 751. If the yield spread
8  premium was paid to the broker in exchange for goods or services, then the next
9  part of the test is whether the payment bears a reasonable relationship to the goods
10 or services provided. *Id.* HUD treats the reasonableness prong of the test as
11 "determinative". *Id.*

12     In this case, Plaintiffs fail to state a claim for relief under section 2607
13 because they fail to allege that the yield spread premium payments (1) were not for
14 goods or services, and (2) did not bear a reasonable relationship to any goods or
15 services provided. *See*, Complaint ¶¶ 25-31. Rather, Plaintiffs allege only that
16 Wells Fargo "obtained yield spread fees and amounts in excess of what would have
17 been lawfully earned." Complaint ¶ 27. This allegations falls far short of what is
18 required under the HUD test.

19     Furthermore, Plaintiffs do not allege any facts that could prove that the yield
20 spread premium was not paid as compensation for goods or services in connection
21 with the Subject Loan, or that it does not bear a reasonable relationship to any
22 goods or services that were actually provided in connection with the Subject Loan.

23     **3.    Plaintiffs Fail to Allege Standing**

24     In addition, Plaintiffs' mere allegation of a violation of a statute or regulation
25 does not entitle Plaintiffs to assert a claim against Wells Fargo. In *Vikco Ins.*
26 *Services, Inc.*, the court held:

27          "Adoption of a regulatory statute does not automatically create a
28           private right to sue for damages resulting from violations of the

statute; such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages. If the Legislature intends to create a private cause of action, we generally assume it will do so 'directly…in clear, understandable, unmistakable terms…(citations omitted)…absent some express provision for civil liability, courts cannot assume a private cause of action for negligence may be brought at any time a legislative enactment is violated.'"

*Vicko Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4[th] 55, 62-63 (1999). Plaintiffs fail to allege that they have standing to assert a private cause of action under Section 2607 of RESPA. As such, based upon this alone, the claim for violation of Section 2607 must be adjudicated in Wells Fargo's favor.

**C.    Plaintiffs Fail to Allege Pecuniary Loss As a Result of The Purported RESPA Violations**.

Even if Plaintiffs had properly plead that Wells Fargo violated RESPA, Plaintiffs' RESPA claim fails because they fail to allege pecuniary loss. Alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must also allege that the breach resulted in actual damages. *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower…[for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank* (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation); *Hutchison v. Delaware Sav. Bank FSB*, 410 F. Supp.2d 374, 383 (D.N.J. 2006). Plaintiffs do not make this essential allegation. Rather they allege only that "they are entitled to compensatory damages". Complaint ¶ 30. This cause of action should be adjudicated in favor of Wells Fargo.

**VI.    PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF 15 USCA 1602 et seq."**

To support a HOEPA violation allegation, Plaintiffs must allege facts supporting a conclusion that Wells Fargo violated the provisions of HOEPA.

1   Plaintiffs allege simply that the Subject Loan "was placed in violation of the above
2   act in that it was placed and administered and otherwise utilized without regard to
3   Plaintiffs' income or cash flow and with the intention of inducing default."
4   Complaint ¶ 34. Such a conclusion is insufficient.

5       TILA was subsequently amended by the Home Owner's Equity Protection
6   Act ("HOEPA"), which requires lenders to make additional disclosures to
7   borrowers for high cost mortgage loans. *Cunningham v. Nations Credit Financial*
8   *Services Corp*. 497 F.3d 714, 717 (7th Cir. 2007), citing 15 U.S.C. § 1639.) A high
9   cost HOEPA loan is a credit consumer transaction that is secured by the consumer's
10  principal dwelling where the points and fees exceed the greater of 8% of the total
11  loan amount or $400.00. *Id., citing* 15 U.S.C. § 1602(aa)(1). The $400 statutory
12  alternative only applies to small loans of less than $5,000.00. *Id.* & fn, 2. The
13  "points and fees" are defined by statute to include: "(A) all items included in the
14  finance charge, except interest or the time-priced differential; (B) all compensation
15  paid to mortgage brokers: (C) each of the charges listed in section 1605(e) of this
16  title (except an escrow for future payment of taxes)…; and (D) such other charges
17  as the Board determines to be appropriate." 15 U.S.C. § 1602(aa)(4); *Morrison v.*
18  *Brookston Mortg. Co. Inc.* 415 F. Supp.2d 801, 807 (S.D. Ohio 2005).

19      **A.    Plaintiffs Do Not Allege Sufficient Facts**

20      HOEPA only applies to "a special class of regulated loans that are made at
21  higher interest rates or with excessive costs and fees." [Internal quotations
22  omitted.] *Lynch v. RKS Mortg. Inc*., 588 F. Supp.2d 1254, 1260 (E.D. Cal. 2008);
23  *In re Community Bank Of Northern Virginia*, 418 F. 3d 277 304 (3rd Cir. 2005))
24  For a loan to be subject to HOEPA, either 1) the annual percentage rate of the loan
25  at consummation must exceed by more than 10 percent the applicable yield on
26  treasury securities, or 2) the total points and fees payable by the consumer at or
27  before closing has to be greater than 8 percent of the total loan amount, or $400.00.
28      Here, Plaintiffs fail to allege a violation of HOEPA as there are no specific

1   factual allegations that the annual percentage rate of the loan at consummation

2   exceeded by more than 10 percent the applicable yield on treasury securities, or 2)

3   that the total points and fees paid by Plaintiffs at or before closing were greater than

4   8 percent of the total loan amount or $400.00.  As such, this claim fails.

5           **B.**      **The Claim is Barred By the Applicable Statute of Limitations**

6          Plaintiffs' HOEPA claim is also barred by the 1 year statute of limitations.

7   15 U.S.C. § 1640(e); *In re Community Bank*, 467 F.Supp.2d at 474-475)  The

8   Plaintiffs' Complaint was filed on March 12, 2009, nearly four years after the

9   Complaint alleges the Subject Loan was made in 2005.  Thus, this claim fails.

10  **VII.  PLAINTIFFS FAIL TO STATE CLAIMS FOR "VIOLATION OF 15**

11        **USCA § 1692 and CALIFORNIA CIVIL CODE § 1788".**

12         Plaintiffs attempt to assert claims for violation of both the federal and

13  California fair debt collection statutes.  Plaintiffs claim that Wells Fargo is a debt

14  collector under the United States Code and California Civil Code § 1788.  The only

15  specific allegation rendered is that "Defendants did not respond to their demands in

16  such a way as to meet the requirements of the act."  Complaint ¶ 37-39.

17         The CFDCPA precludes a "debt collector" from collecting, or attempting to

18  collect, from a "debtor" on a consumer debt in a threatening or harassing manner.

19  *See*, Civil Code § § 1788, *et seq*.  The CFDCPA outlines specific examples of

20  prohibited practices, and includes, threats, obscenity, misleading or false

21  communications, communications to third parties such as employers, and

22  overreaching.  Similarly, the FDCPA under 15 USC § 1692 was enacted to

23  eliminate abusive debt collection practices by debt collectors and to ensure that

24  those debt collectors who refrain from using abusive debt collections practices are

25  not competitively disadvantaged.

26         Plaintiffs allege nowhere in the Complaint that Wells Fargo committed any

27  illegal act in connection with the purported collection of debt.  Instead, they allege

28  only that Wells Fargo failed to respond to Plaintiffs' validation of the debt.

Complaint ¶ 38.

Furthermore, Wells Fargo's purported refusal to validate the debt underlying the Subject Loan cannot be the subject of a federal or state fair debt collections action.  In *Fuentes v. Duetsche Bank,* [sic] 2009 WL 1971610 (S.D. Cal. July 8, 2009), the plaintiff similarly alleged that the mortgage lender defendants were in violation of both 15 U.S.C. section 1692 and Cal.Civ.Code section 1788, et seq "based on their refusal to validate the debt at Plaintiff's request."  *Id.* at *3.

The Court held that Section 1692 "only applies to consumer debts or transactions" and "[r]esidential mortgages fall outside of this definition." *Ibid.*  Furthermore, the *Fuentes* court held that the act of foreclosing on a residential loan was outside the definition of debt collection.  *Ibid.*  The Court noted the result was the same under Section 1788 because it incorporated the substantive provisions of Section 1692,  The *Fuentes* court granted the defendant's motion for judgment on the pleadings.

## VIII. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR "BREACH OF FIDUCIARY DUTY".</u>

Under the claim for breach of fiduciary duty, Plaintiffs claim that Wells Fargo "placed and negotiated loans without due care to the best interest of Plaintiffs or for the protection of their rights thereunder."  Complaint ¶ 45.  Plaintiffs' claim fails because the Complaint contains no allegations that would give rise to a fiduciary relationship between Plaintiffs and Wells Fargo.

The relationship between a bank and commercial borrower does not constitute a special relationship.  *Careau & Co. v. Security Pacific Business Credit, Inc.* 222 Cal.App.3d 1371, 1399 (1990).  In *Nymark v. Heart Federal Savings and Loan Assn.*, 231 Cal. App.3d 1089, 1096 (1991), the court held that: "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money…"

Likewise, in *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989), plaintiffs asserted various causes of action against a lender, including a cause of action for tortious breach of good faith and fair dealing.  The Court held that the tort claim failed because they bank did not owe any fiduciary duty to the plaintiffs:

> "It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor.' (citation omitted)  'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' (citation omitted)  <u>The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.</u>'"

*Id.* at 476 (emphasis added).

Under *Nymark*, Wells Fargo does not owe a fiduciary duty to Plaintiffs as the borrowers and this claim must fail.

## IX.    PLAINTIFFS CANNOT STATE A CLAIM FOR "BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING".

### A.    Plaintiffs Fail To Allege Any Breach of the Covenant.

Despite the nature of this claim, Plaintiffs fail to allege any breach. Complaint ¶¶ 48-50.  In every contract or agreement, there is an implied promise of good faith and fair dealing.  This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. *Guz v. Bechtel National, Inc.*, 24 Cal.4[th] 317, 349-350 (2000).

To establish this claim, Plaintiffs must prove all of the following: 1) the parties entered into a contract; 2) Plaintiffs did all, or substantially all of the significant things that the contract required him/her to do or that he/she was excused from having to do those things; 3) that all conditions required for defendant's performance had occurred; 4) that defendant unfairly interfered with Plaintiffs' right to receive the benefits of the contract; and 5) that Plaintiffs were

harmed by defendant's conduct. *See,* CACI Jury Instruction No. 325 (2008 ed.)

Moreover, the implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, liability cannot be extended to create obligations not contemplated by the contract. *See, Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, at 1034 (1992).

Plaintiffs' only possible allegation that could be alleged in support of this claim is that they were denied a refinance due to their national origin. Complaint ¶ 17. However, such allegation is founded upon a legal conclusion with no factual support and is not alleged to be part of the contract. "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In *Akhavein v. Argent Mortgage Company*, 2009 WL 2157522 (N.D.Cal.). , the same Plaintiff's counsel as in the instant matter brought many of the same claims here. The District Court denied leave to amend on several of the claims, including Breach of the Covenant of Good Faith and Fair Dealing. *Id.* at *4-5. As Plaintiffs fail to allege how they were "entitled" to refinance, their claim fails.

**B.    The Covenant Cannot Be Breached By the Enforcement of the Terms of the Note and Trust Deed.**

The covenant of good faith and fair dealing will never be implied so as to prohibit that which is expressly permitted under a contract. *Third Story Music, Inc. v.* Waits 41 Cal.App.4th 798, 808 (1995). In *Storek v. Storek, Inc. v. Citicorp Real Estate, Inc.* 100 Cal.App.4th 44 (2002), the Court of Appeal held that this covenant of good and fair dealing could not be implied so as to prohibit a lender from doing what it was expressly permitted to do under a loan agreement: "We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement."

*Storek*, 100 Cal.App.4[th] 56.   As a matter of law, the contractual power of sale contained in the Deed of Trust authorizes a foreclosure after the trustor fails to make payments required thereunder.  *Hersch v. Citizens Savings & Loan Assn.* 146 Cal.App.3d 1002, 1011 (1983).  Therefore, to the extent the cause of action is based upon the foreclosure proceedings, it must fail.

**C.**    **Plaintiffs Cannot Allege That He Performed All Conditions of the Agreement.**

In order to state a breach of contract cause of action, a plaintiff must allege facts indicating that he performed all conditions under the contract.  *Careau & Co., supra,* 222 Cal.App.3d 1371.  Plaintiffs essentially admit that they failed to remain current on the loan obligations and certainly do not allege that they fully complied with the terms of the Subject Loan documents.

**D.**    **Plaintiffs Cannot Rely on any Statutory Claim to Support this Cause of Action.**

The covenant of good faith and fair dealing is, by definition, an implied contract term;  it has no relation to any statutory duties which are claimed to exist. *Smith v. City and County of San Francisco* 225 Cal.App.3d 38, 49 (1990) ("To the contrary, the covenant of good faith and fair dealing is, by definition, an implied contract term.   It has no relation to any statutory duties which may exist.") Plaintiffs cannot base this cause of action on any statutory claims.

**E.**    **Plaintiffs Cannot Rely on Any Claim that the Lender Declined to "Refinance" the Loan Agreement to Support this Cause of Action.**

To the extent Plaintiffs base this cause of action on a contention that Wells Fargo did not enter into another loan agreement with them, the implied covenant is not construed to apply to pre-contractual negotiations.  The implied covenant "does not require parties to negotiate in good faith prior to any agreement."  *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 897 (2008).  Moreover, a lender has no obligation to modify the terms of an existing loan agreement.   *Farner v.*

*Countrywide*  2009 WL 1890925 (January 26, 2009 S.D.Cal.).

## X. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR THREE CAUSES OF ACTION FOR DECLARATORY RELIEF</u>.

Plaintiffs' seventh, eighth and twelfth causes of action are causes of action for declaratory relief.  The seventh pertains to disputes that "concern but are not necessarily limited to the ownership and/or right of foreclosure".  Complaint ¶ 53.  The eighth alleges disputes that "concern but are not necessarily limited to the ownership and/or right of home ownership and financing in regard to it".  Complaint ¶ 58.  The twelfth alleges disputes that "concern but are not necessarily limited to the ownership and/or right of loan financing".  Complaint ¶ 93.

Federal Rules of Civil Procedure, Rule 57 allows for declaratory relief if it is "otherwise appropriate".  Past events, rights or obligations that are no longer real or have been discontinued, render any right to declaratory relief moot. *Golden v. Sickler*, 394 U.S. 103, 109 (1969); *Baldwin v. Marina City Props Inc.* 79 Cal.App.3d 393, 407 (1978) (no basis for declaratory relief where only past wrongs were involved).  General statements about controversy are useless.  *Alutras v. Gloster*, 16 Cal.2d 46, 48 (1940). Specifically, the court in *Wilson v. Transit Authority*, 199 Cal.App.2d at 723-724 (1962), held:

> "To state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure appropriate facts should be alleged from which the court may determine that an actual controversy relating to the legal rights and duties of the respective parties exists."

*See also, Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937); *Conroy v. Civil Service Commission*, 75 Cal.App.2d 450, 456 (1946)

Here, Plaintiffs vaguely allege that there is a dispute about ownership of their home or the financing or alleged foreclosure.  However, a "claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Akhavein*, 2009 WL 2157522 at *5 (citing *Mangindin v. Washington Mut.*

*Bank*, 2009 WL 1766601 *6 (N.D.Cal.2009). Given that Plaintiffs have not offered any reasons why they require declaratory relief, it is duplicative and unnecessary and thus, should be sustained without leave to amend. *Id.*

## XI. PLAINTIFFS CANNOT STATE CLAIMS FOR "VIOLATION OF 42 USC § 1983" AND "VIOLATION OF 42 USC § 2000D".

The ninth and tenth causes of action for violation of civil rights under 42 USC § 1983 and 42 USC §2000D are based upon the allegation that the defendants failed to refinance Plaintiffs' loan because of their national origin. Complaint ¶¶ 17, 66, 75. This conclusory allegation has no factual support. Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Constrs. Of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d at 754-55.

### A. The 42 U.S.C. Section 1983 Claim Fails.

A claim under 42 U.S.C. Section 1983 requires Plaintiffs to allege facts showing that Wells Fargo deprived them of a constitutional right while acting under the color of state law. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006). Plaintiffs have not alleged that Wells Fargo acted under color of law when it provided Plaintiffs with their loan or purportedly failed to refinance the loan. As it is futile for Plaintiffs to amend this claim, it should be adjudicated in Wells Fargo's favor without leave to amend. *Akhavein*, 2009 WL 2157522 at *6.

### B. The 42 U.S.C. Section 2000D Claim Fails.

Section 2000D prohibits excluding a person from participating in a program receiving government assistance on the basis of race, color, or national origin. Plaintiffs do not make any allegation that they participated in such a program nor

1   do they allege that Wells Fargo received government funds.  Plaintiffs also failed to

2   allege, in support of this claim, any specific facts showing that they suffered

3   discrimination on any of these grounds.  For example, they do not allege that they

4   informed Defendants they could not understand the English language documents.

5       As Plaintiffs state nothing more than conclusory allegations Plaintiffs cannot

6   state claims for violations of 42 USC § 1983 and 42 USC §2000D.  As such the

7   ninth and tenth causes of action should be adjudicated in favor of Wells Fargo.

8   **XII.   PLAINTIFFS' CLAIM FOR "QUIET TITLE" FAILS.**

9       **A.   Plaintiffs Cannot State a Claim**.

10      To allege a claim for quiet title in California, a plaintiff must set forth in the

11  complaint the "date as of which the determination (to quiet title) is sought" or if the

12  date is different from the date of filing of the complaint "a statement of reasons why

13  a determination as of the date is sought." California *Code of Civil Procedure*

14  § 761.0102(d).

15      Plaintiffs fail to state from what date they seek to quiet title and why such a

16  determination of that date is sought.  This claim also fails because Plaintiffs failed

17  to pay the debt secured prior to bringing the action.  A mortgagor cannot quiet title

18  against the mortgagee without paying the debt secured.   *Mix v. Sodd*, 126

19  Cal.App.3d 386, 309 (1991).

20      If a defaulting borrower requests relief in equity, i.e. setting aside or

21  challenging a foreclosure proceeding, the borrower must first do equity himself.

22  *Arnolds Management Corporation v. Eischen*, 158 Cal.App.3d 575, 578-579

23  (1984).  Therefore, before a borrower can maintain a case challenging or seeking to

24  stop a foreclosure sale, the borrower must actually pay, or offer to pay, the entire

25  loan amount prior to sale.  (*See* 4 Miller & Starr, Cal. Real Estate (2d ed. 1989)

26  § 9:154 at 507-508; *see also U.S. Cold Storage California v. Great Western Sav. &*

27  *Loan Assoc.*, 165 Cal.App.3d 1214, 1222 (1985).  Plaintiffs have not done so in this

28  case, thus, the claim must fail.

1

**B.**    **Plaintiffs' Complaint is Not Verified.**

2    Pursuant to *Code of Civil Procedure* section 761.020, any complaint to quiet

3    title must be verified.  Plaintiffs failed to verify the Complaint.

4    **XIII.  CONCLUSION**

5    For all the foregoing reasons, Wells Fargo respectfully requests that this

6    Court grant the instant motion.

7

8    Dated:  September 8, 2009                    KUTAK ROCK LLP

9

10                                          By:  /s/  *Antoinette P. Hewitt*

11                                          Jeffrey S. Gerardo
                                            Steven M. Dailey
12                                          Antoinette P. Hewitt
                                            Attorneys for Defendant,
13                                          WELLS FARGO HOME
                                            MORTGAGE, A DIVISION OF
14                                          WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28